CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BILL LONG, | ) | Civil Action No. 7:16-cv-00098 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. GARDNER, et al., | ) | By: Hon. Michael F. Urbanski |
|    Defendants. | ) |      United States District Judge |

Bill Long, a Virginia inmate proceeding pro se, filed a motion for a preliminary injunction in this civil action commenced pursuant to 42 U.S.C. § 1983. Plaintiff asks the court to compel the Commonwealth's Attorney for Roanoke County to give him all favorable evidence in accordance with Brady v. Maryland, 373 U.S. 83, 84 (1963). Online state court records reveal that Plaintiff was sentenced on November 17, 2014, for various state convictions and that the Court of Appeals of Virginia denied his direct appeal in Commonwealth v. Martin, No. 0707-15-3, on February 25, 2016.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23.

Plaintiff fails to establish that he is likely to succeed on the merits of his underlying claims about malicious prosecution. See, e.g., Keaton v. Balser, 340 F. Supp. 329, 332 (W.D. Va. 1972)

(Dalton, J.) (noting the difficulty in proving an allegation of malicious prosecution). Plaintiff also fails to establish irreparable harm because he still has available legal remedies to challenge his state convictions. Plaintiff also fails to establish that a preliminary injunction would further the public's interest or that the balance of equities tips in his favor. A federal court may not interfere with pending state criminal proceedings unless there are extraordinary circumstances, which are not present in this case. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). The court should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the on-going state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits the court from enjoining the types of proceedings from which Petitioner seeks relief, and the court lacks jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc). Accordingly, Plaintiff fails to satisfy the elements for a preliminary injunction, and the motion is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

It is so **ORDERED**.

ENTER: This 10th day of March, 2016.

/s/ Michael F. Urbanski

United States District Judge