CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 2 2016

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILL M. LONG,<br>    Plaintiff, | Civil Action No. 7:16-cv-00098 |
| v. | MEMORANDUM OPINION |
| D. GARDNER, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Bill M. Long, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against people and entities related to his prosecution and convictions for abduction, using a firearm in the commission of a felony, pointing or brandishing a firearm, and obstruction of justice. The Court of Appeals of Virginia denied Plaintiff's appeal of these convictions on February 25, 2016, in Commonwealth v. Long, No. 0707-15-3, and Plaintiff commenced this action promptly thereafter. Plaintiff's second appeal is pending with the Supreme Court of Virginia in Long v. Commonwealth, No. 160435.

The essential claims of Plaintiff's filings are that police officer D. Gardner and prosecutor Randy Leach maliciously prosecuted him. The relief Plaintiff seeks includes damages, a new attorney for his appeal, and an injunction to compel the disclosure of exculpatory evidence.

A malicious prosecution claim grounded in § 1983 "is simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution." Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012). In order to prevail on a claim of malicious prosecution, a plaintiff must demonstrate that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012); see also Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (discussing favorable

termination). Plaintiff may not pursue a malicious prosecution claim for damages because criminal proceedings have not terminated in Plaintiff's favor.[1]

Furthermore, federal courts must not interfere with pending state criminal proceedings absent extraordinary circumstances, which are not present here. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). A federal district court should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits federal courts from enjoining criminal proceedings, and federal courts lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc). For the foregoing reasons, the court dismisses the complaint without prejudice.[2]

ENTER: This 12 day of April, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] If Plaintiff's appeals are unsuccessful, he may seek habeas relief in state court before seeking habeas relief in federal court. See, e.g., 28 U.S.C. § 2254.
[2] Before doing so, the court grants Plaintiff's motion to amend to substitute a page of the complaint with revised language, denies the motion to appoint counsel pursuant to Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), denies the motion for an extension of time as moot because no deadline is pending, and dismisses the "motion for relief" without prejudice for the reasons stated in this Opinion.